BILOXI PACKING & TRADING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17216. Promulgated January 10, 1930.

*George E. H. Goodner, Esq.*, and *Walter K. Smith, Esq.*, for the petitioner.

*Arthur H. Murray, Esq.*, for the respondent.

OPINION.

TRUSSELL: This appeal presents but one issue for determination. It is a question involving the quantity and the value for income-tax purposes of supplies and stock in trade on hand December 31, 1920. The petitioner contends that through a failure to consider the value of this inventory the operating loss sustained in 1920 and the statutory net loss for 1921 have not been correctly determined by the respondent. There is no dispute as to the aggregate of the net losses. The question is germane to the taxable years by reason of the provision of section 204 of the Revenue Act of 1921 allowing the deduction in the next two succeeding years of net losses suffered in years subsequent to December 31, 1920.

Section 203 of the Revenue Act of 1921 provides for the consideration of inventories whenever in the opinion of the Commissioner they are necessary to clearly determine income. The Commissioner, with the approval of the Secretary, has provided in articles 1581 to 1584, inclusive, of Regulations 62 for the use of inventories in a business such as the petitioner's where products were manufactured and sold by the taxpayer.

The evidence shows that quantities of supplies and manufactured products of the petitioner were left on hand at the end of 1920 and were sold in the following year. This fact has not been given effect in the computations by the respondent of the operating loss for 1920 and the statutory net loss for 1921. Since the respondent has not considered any amount of inventory it is obvious that the loss for 1921 would be increased and the loss for 1920 would be decreased by whatever amount of value may be assigned to the inventory.

The inconsistency of the respondent's determination is apparent on its face, for inventories at the end of each of the succeeding years were accepted and considered in the computations of the net incomes. To remedy this inconsistency it is necessary for us to determine as a matter of fact an allowable value for the inventory of December 31, 1920. Due to a failure to record the inventory properly or to close the books for 1920, the exact cost of the inventory is not in evidence. After a careful consideration of the testimony relative to the books of account and the quantities and values of the manufactured products, we are satisfied that the cost of the inventory amounted to at least $10,604. This is somewhat less than the two valu-

ations coinciding in an amount of $14,500 testified to by the former bookkeeper and arrived at by a public accountant who was employed to retrospectively reconstruct an inventory, but these valuations are unacceptable for the reason that they both are clearly shown to have been based upon market prices which we believe were greater than cost. The increment in value, unrealized at the end of 1920, if at all, is unallowable in the inventory valuation.

We conclude that a redetermination should be made giving effect to the value of $10,604 for the inventory at the end of 1920.

*Judgment will be entered pursuant to Rule 50.*